JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 25 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AVIATION PRODUCTS         )
LIABILITY LITIGATION            )         DOCKET NO. 104

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    The cases comprising this products liability litigation can be segregated into two broad categories. One category consists of actions by corporate plaintiffs asserting claims for damages allegedly caused by defects in the design, manufacture and installation of a gas turbine helicopter engine produced by the Allison Division of General Motors Corporation. The other category consists of actions asserting claims for personal injuries sustained when a helicopter powered by the same type engine crashed because of an alleged in-flight engine failure.

    Plaintiffs in twelve actions pending in seven different districts moved the Panel to transfer these cases (hereinafter referred to as the Schedule A cases) to a single district

---

\*    Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

-2-

for coordinated or consolidated pretrial proceedings. The Panel issued an order to show cause why eight apparently related cases (hereinafter referred to as the Schedule B cases) should not also be considered for transfer pursuant to 28 U.S.C. §1407. On the basis of the papers filed and the hearing held, we find that all of the Schedule A cases and some of the Schedule B cases will clearly benefit from transfer to a single district for coordinated or consolidated pretrial proceedings.

I. Schedule A Cases

    A. Background

Plaintiffs in the Schedule A cases are represented by the same lead counsel. Each plaintiff is a corporate owner or operator of a commercial helicopter powered by a gas turbine engine designed and manufactured by the Detroit Diesel Allison Division of General Motors Corporation (hereinafter Allison). Each action concerns the design, manufacture and installation of the helicopter engine, known as the Allison 250-C18. Allegations concerning the design and manufacture of the helicopter frame are common to some of the cases, as are charges of improper performance of overhaul, modification and repair service.[1]

---

[1] Textron, Inc. (a division of Bell Helicopter Company) and Fairchild-Hiller Corporation designed and manufactured the helicopters involved in these actions. Aviation Power Supply (Western United States), The Southwest Airmotive Company (Central United States) and Airwork Corporation (Eastern United States) are the authorized distributors of the Allison 250-C18 engine and component parts and are the authorized overhaul and repair facilities for the engines.

The claims for damages in each of the cases are similar: (1) damages to helicopters and to plaintiff's business as a result of crashes or emergency landings caused by premature failures and malfunctions of the helicopter's engine during flight; (2) damages to plaintiff's business as a result of down time required to make engine modifications and repairs specified by the Federal Aviation Agency and Allison.

B. Arguments of the Parties

Movants urge that the existence of common questions of fact makes transfer to a single district for coordinated or consolidated pretrial proceedings necessary in order to promote the just and efficient conduct of the litigation and to avoid duplicitous discovery and unnecessary inconvenience to the parties and witnesses. Movants contend that the issue of fact central to each lawsuit is the airworthiness of the Allison 250-C18 engine, including its design, development, manufacture and installation. It is asserted that although the specific defects alleged in each separate case may not be identical they are all interwoven so as to cover the engine's general condition and airworthiness. It is also asserted that discovery common to all cases will concern the extent to which Allison controlled and directed the installation of the engine by the helicopter manufacturers and each incident of engine overhaul, modification and repair performed by its authorized distributors.

Allison agrees that consolidation of the Schedule A cases for coordinated pretrial proceedings is necessary, but urges

-4-

that transfer of the Lametti action [2] be denied because discovery is near completion. Allison also points out that transfer of the Freeman action [3] is unnecessary because that case settled shortly after trial began.

All other defendants [4] oppose transfer of any of the cases in which they are named. Although these defendants generally admit that certain common issues of fact are alleged, they argue that these issues are outnumbered by separate and distinct factual issues peculiar to each case. They assert that since the helicopters were operated in different environments under varying atmospheric conditions, both of which affect the performance of the aircraft and the engine, a substantial amount of local discovery concerning each mishap is necessary and will not be common.

These defendants contend that transfer will restrict their efforts to complete local discovery and will require them to participate in discovery not useful to them. They also contend that an important factor weighing against the desirability of transfer under Section 1407 is the lack of a single district with jurisdiction over all defendants, which precludes any real possibility of a common trial on liability.

---

[2] *Lametti & Sons, Inc. v. Textron, Inc., et al.*, District of Minnesota, Civil Action No. 4-70 Civ. 457

[3] *F. Kemper Freeman, et al. v. Textron, Inc., et al.*, Western District of Washington, Civil Action No. 9215

[4] Textron, Inc. (a division of Bell Helicopter Company), Fairchild-Hiller Corporation, Aviation Power Supply and Airwork Corporation.

-5-

C. The Question of Transfer

It is clear from the legislative history of Section 1407 that multidistrict products liability litigation was envisioned as susceptible to effective treatment under Section 1407.[5] There is no dispute that two of the three statutory requirements to transfer exist in this litigation: these are civil actions involving one or more common questions of fact which are pending in more than one district. The opposition to transfer, however, strongly urges that the issues of fact are not so common that the convenience of the parties and witnesses and the just and efficient conduct of the litigation will be promoted by transfer under Section 1407. We do not agree.

Each action against Allison will require discovery concerning the design, manufacture and installation of the Allison 250-C18 engine. Even though different component parts are involved in different cases, discovery common to all cases will concern engineers responsible for the overall design and development of the engine. And plaintiffs may also be interested in deposing the company officials who relied on those engineers. Furthermore, if it is true, as plaintiffs assert, that Allison controlled the installation of the engines by the airframe manufacturers and dictated the specifications regarding overhaul, modification and repair to the authorized distributors, discovery on these issues will likely be common.

---

[5] H.R. REP. NO. 1130, 90th Cong., 2d Sess. 3 (1968)

-6-

We are convinced that transfer of the Schedule A cases to a single district for coordinated or consolidated pretrial proceedings is necessary. For the convenience of the parties and witnesses it is highly desirable that witnesses relevant to the common issues be deposed but once. And only through a coordinated pretrial discovery program, tailored to fit the discovery needs of each party and supervised by a single judge, can overlapping and duplicitous discovery be avoided and the just and efficient conduct of the litigation assured. [6]

The Manual for Complex and Multidistrict Litigation specifically resolves defendants' concern that transfer will involve them in unwanted discovery:

> [E]xpenses of counsel in attending depositions on oral interrogatories can be avoided by entry of an order providing an opportunity for a delayed examination by parties who cannot afford to attend all depositions or believe the deposition will not affect their interests....
>
> Under this order a party with limited means or who in good faith believes the deposition is of no interest to him may without risk, decide not to be represented by counsel at the deposition in question. He may read a copy of the transscript of the initial examination and then decide whether he wishes to request a delayed examination on the ground that his interests were inadequately protected at the initial examination. Manual Part I, §2.31 (1970)

---

[6] Cf. In re Plumbing Fixtures Litigation where the short-line defendants and the full-line defendants were given different discovery schedules.

Furthermore, defendants' argument regarding the unavailability of a single district with jurisdiction over all parties is misdirected.[7] Transfer of civil actions pursuant to 28 U.S.C. §1407 is for pretrial purposes only and the fact that all parties are not amenable to suit in a particular district does not prevent transfer to that district for pretrial proceedings where the prerequisites of Section 1407 are otherwise satisfied. In re Kauffman Mutual Fund Actions, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972). Succinctly, venue is not a criterion in deciding the propriety of transfer under Section 1407. In re Hotel Telephone Charge Antitrust Litigation ____ F. Supp. ____ (J.P.M.L. Mar. 30, 1972).

D. Choice of Transferee Forum

The Southern District of Indiana is the most appropriate transferee forum. Allison is the one party involved in all of the transferred cases and the majority of the common discovery will focus on it. Its plant and offices are located in Indianapolis and all its documents and necessary witnesses are there. Also, the transferred cases are fairly well-scattered throughout the country and Indianapolis provides a convenient geographical center for the litigation.

---

[7] Defendants' argument is better aimed at the appropriateness of a particular transferee forum. See In re Yarn Processing Patent Valitity Litigation, ____ F. Supp. ____ (J.P.M.L. 1972)

Judge Morell E. Sharp of the Western District of Washington has conducted a complete discovery program in the now-settled Freeman action. His familiarity with the issues and discovery involved in this litigation will enable him to expedite the consolidated pretrial proceedings. Pursuant to 28 U.S.C. §292(c), Judge Sharp has been designated to sit as a district judge in the Southern District of Indiana and this litigation will be assigned to him for pretrial proceedings.

II.   Schedule B Cases

B.   Cases Transferred

With respect to each action included in the Panel's show cause order, we have examined the complaint, read the briefs filed and heard oral argument. On the basis of our reasoning concerning the Schedule A cases, we conclude that, for the convenience of all parties and witnesses and the just and efficient conduct of the litigation, the following Schedule B cases should be transferred to the Southern District of Indiana for coordinated or consolidated pretrial proceedings.

1.   Arizona Helicopters, Inc. v. General Motors Corp., et al., District of Arizona, Civil Action No. Civ-70-323-PHX

The allegations of plaintiff's complaint closely parallel those made by plaintiffs in the Schedule A cases. Plaintiff, owner of a helicopter powered by an Allison 250-C18 engine, alleges that as a result of engine failures it suffered damage to the aircraft, a loss of revenue due to inability to use the aircraft and additional pecuniary losses. It is alleged that these in-flight failures were a result of defects in the design, material, construction or workmanship (or some combination thereof) regarding the engine and its component parts.

All parties to this action oppose transfer. They claim that discovery is substantially complete, except for a few depositions scheduled to be taken in Indianapolis. Although the case had been scheduled for trial on July 11, 1972, we are advised by counsel that the trial date has been continued for approximately six months. In light of this development and to avoid the possibility of duplicitous discovery and unnecessary inconvenience to the Indianapolis witnesses, we think it best to order this case transferred to the Southern District of Indiana for the completion of pretrial discovery. Certainly if this is the only remaining discovery needed, Judge Sharp can devise a program to accommodate these parties and the action may be considered for remand to the District of Arizona.

2. Sabine Offshore Services, Inc. v. General Motors Corp.
   Eastern District of Texas, Civil Action No. 7647

Plaintiff claims that it is entitled to recover damages for two separate helicopter crashes caused by in-flight engine failures. Both the plaintiff and defendant oppose transfer on the ground that this action does not present questions of fact common to the other cases. We do not agree. Plaintiff alleges that the helicopter's engine, an Allison 250-C18, was defective either in "workmanship, design or material at the time the helicopter's engine manufactured by defendant was delivered to plaintiff." Thus, as far as plaintiff's discovery is concerned, there definitely are areas in which questions of fact exist common to the transferred cases. We believe

that both parties will benefit from participation in the consolidated pretrial proceedings before Judge Sharp. Once the common discovery is completed, ofcourse, the action may be considered for remand to the Eastern District of Texas.

3. <u>Marvel Ranger, et al. v. General Motors Corp., et al.</u>,
   District of Arizona, Civil Action No. Civ-72-42-PCT

This action, originally filed in state court and subsequently removed to federal court, consists of two claims. The first is a wrongful death claim brought by the personal representative of the estate of a pilot fatally injured in a helicopter crash; the second claim is brought by the corporate owner of two helicopters that were involved in several crashes, one of which resulted in the fatality complained of in the first claim.

A comparison of the second claim with the complaint filed in <u>Elling Halvorsen, Inc., et al. v. Textron, Inc., et al.</u>, District of Arizona, Civil Action No. Civ-71-58 PHX (a Schedule A case), reveals that similar allegations are made in that action involving the same parties and concerning the same helicopters and mishaps. Furthermore, counsel representing the corporate plaintiffs in the second claim also serve as lead counsel for the Schedule A plaintiffs. It is therefore clear that the second claim of the Marvel Ranger action should be consolidated with the other cases for the coordinated pretrial proceedings in the Southern District of Indiana and it is so ordered.

Although plaintiffs in the first claim have no objection to transfer of the second claim for coordinated or consolidated pretrial proceedings, they argue that their claim does not

present questions of fact sufficiently common to the other actions to warrant transfer at this time. We agree. Section §1407(a) authorizes the Panel to "separate any claim" from the transferred action and to remand that claim to the transferor district. See, e.g., In re Hotel Telephone Charge Antitrust Litigation, supra; In re Penn Central Securities Litigation, 325 F. Supp. 309 (J.P.M.L. 1971). We therefore remand the first claim of the Marvel Ranger action to the District of Arizona, but without prejudice to later application for transfer should the parties find that discovery will duplicate discovery in the transferee district.

B. Cases Not Transferred

We have considered each of the remaining Schedule B cases on its own merits and have concluded that none of them present sufficient common questions of fact to warrant transfer to the Southern District of Indiana at this time.

1. Richard W. Black v. Fairchild Industries, Inc., et al., District of New Jersey, Civil Action No. 63-72 and

    John W. Thumann, et al. v. Fairchild Industries, Inc., et al., District of Maryland, Civil Action No. 72-433M

Both cases are personal injury actions arising out of the crash of a helicopter enroute from Baltimore Friendship Airport to Washington National Airport. Although plaintiffs allege that the crash resulted from a failure of the helicopter's engine, an Allison 250-C18, the complaints do not set forth any specific engine defect and we cannot conclude that discovery will involve issues of fact common to the

transferred cases. Transfer is therefore denied without prejudice to later application if it is found during the course of pretrial that discovery will duplicate discovery in the transferee forum.

2. <u>Mrs. Doyle R. Avant, Jr., et al. v. Fairchild-Hiller Corp., et al.</u>, Southern District of Texas, Civil Action No. 70-V-1 and

   <u>Barbara G. Hall, et al. v. Fairchild-Hiller Corp., et al.</u>, Southern District of Texas, Civil Action No. 70-V-2

These cases are wrongful death actions arising from the crash of a helicopter near Goliad, Texas. Transfer is opposed on the ground that discovery is complete and that trial is set for August 14, 1972. It is asserted that any discovery that remains does not involve questions of fact common to the transferred litigation. Transfer of these actions is therefore denied without prejudice to the right of a party to seek reconsideration at a later time.

3. <u>Petroleum Helicopters, Inc. v. The Southwest Airmotive Co., et al.</u>, Western District of Louisiana, Civil Action No. 16224

Plaintiff asserts claims for damages allegedly caused by defendant's negligence in servicing plaintiff's helicopter. Discovery only involves the maintenance and service performed by the defendant and the circumstances surrounding the forced landings. Since it appears that no questions of fact exist common to the transferred cases, transfer is denied, but without prejudice to later application if the parties deem it necessary to expand their discovery to encompass the discovery in the consolidated actions.

- 13 -

IT IS THEREFORE ORDERED that the actions listed on the attached revised Schedule A be, and the same hereby are, transferred pursuant to 28 U.S.C. §1407 to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Morell E. Sharp, sitting by designation, for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the action <u>Marvel Ranger, et al. v. General Motors Corp., et al.</u>, D. Arizona, Civil Action No. 72-42-Pct-WEC, be, and the same hereby is, transferred to the Southern District of Indiana for coordinated or consolidated pretrial proceedings and that the First Claim of that action be, and the same hereby is, separated and remanded to the District of Arizona for further proceedings.

IT IS FURTHER ORDERED that transfer of the actions listed on the attached revised Schedule B be, and the same hereby is, denied without prejudice to later application of the parties involved.

SCHEDULE A                                              DOCKET NO. 104

### DISTRICT OF MINNESOTA

Lametti & Sons, Inc. v. Textron, Inc.,            Civil Action
et al.                                            No. 4-70 Civ. 457

Marine Iron & Ship Building Co., et al.           Civil Action
v. Textron, Inc., et al.                          No. 4-71 Civ. 390

### DISTRICT OF OREGON

Okanagan Helicopters, Lts., v. Fairchild          Civil Action
Hiller Corp., et al.                              No. 71-208

Okanagan Helicopters, Ltd., v. Textron,           Civil Action
Inc., et al.                                      No. 71-209

### EASTERN DISTRICT OF PENNSYLVANIA

Asplundh Aviation, Inc. v. Fairchild Hiller       Civil Action
Corp., et al.                                     No. 71-249

Asplundh Aviation, Inc. v. Textron, Inc.          Civil Action
et al.                                            No. 71-250

Copter, Inc. v. Textron, Inc., et al.             Civil Action
                                                  No. 71-483

### DISTRICT OF NEW JERSEY

Myron S. Lehman, etc. v. Textron, Inc.,           Civil Action
et al.                                            No. 1117-71

### DISTRICT OF ARIZONA

Elling Halvorson, Inc., et al. v. Textron,        Civil Action
Inc., et al.                                      No. 71-58-Phx-CAM

Elling Halvorson, Inc., et al. v. Textron,        Civil Action
Inc., et al.                                      No. 71-449-Phx-CAM

Arizona Helicopters, Inc. v. General              Civil Action
Motors Corp., et al.                              No. 70-323-Phx-WEC

Marvel Ranger, et al. v. General Motors           Civil Action
Corp., et al.                                     No. 72-42-Pct-WEC

### DISTRICT OF IDAHO

Inter-Mountain Helicopter, Inc. v. Fairchild      Civil Action
Hiller Corp., et al                               No. 1 70 103

SCHEDULE A                                          DOCKET NO. 104

EASTERN DISTRICT OF TEXAS

Sabine Offshore Services, Inc. v.                   Civil Action
General Motors Corp.                                No. 7647

SCHEDULE B                                              DOCKET NO. 104

### DISTRICT OF NEW JERSEY

Richard W. Black, v. Fairchild                          Civil Action
Industries, Inc., et al.                                No. 63-72

### DISTRICT OF MARYLAND

John W. Thumann, et al. v. Fairchild                    Civil Action
Industries, Inc., et al.                                No. 72-433-M

### SOUTHERN DISTRICT OF TEXAS

Barbara G. Hall, et al. v. Fairchild                    Civil Action
Hiller Corp., et al.                                    No. 70-V-2

Mrs. Doyle R. Avant, Jr., et al. v.                     Civil Action
Fairchild Hiller Corp., et al.                          No. 70-V-1

### WESTERN DISTRICT OF LOUISIANA

Petroleum Helicopters, Inc. v. The                      Civil Action
Southwest Airmotive Co., et al.                         No. 16224